IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Pegge Culbertson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ANSWER OF DEFENDANT** |
| v. ) | |
| ) | **C.A. No. 8:10-cv-1006-RBH** |
| Sun Life Assurance Company of Canada, ) | |
| ) | |
| Defendant. ) | |

Defendant, Sun Life Assurance Company of Canada (hereinafter "Sun Life" or "Defendant"), answering the complaint of Plaintiff, would respectfully allege and show unto the Court as follows:

**FOR A FIRST DEFENSE**

1.	Sun Life admits, upon information and belief, the allegations contained in paragraph I of the complaint.

2.	In response to the allegations contained in paragraph II of the complaint, Sun Life admits it is a corporation organized and existing as an insurance company pursuant to the laws of one of the States of the United States and that it provided certain insurance and benefits to individuals and entities located in Greenwood County, South Carolina. Sun Life denies the remaining allegations contained in paragraph II of the complaint.

3.	Sun Life admits the allegations contained in paragraph III of the complaint but denies that Plaintiff is entitled to short or long term disability benefits under the plan of benefits at issue.

4. In response to the allegations contained in paragraph IV of the complaint, Sun Life admits, upon information and belief, that Plaintiff was employed by Self Regional Healthcare ("Self Regional"), until on or about September 2009. Sun Life further admits that as an employee of Self Regional, Plaintiff was entitled to participate in an employee welfare benefit plan ("the Plan") established by Self Regional which provided certain short and long term disability benefits. Sun Life admits that the short and long term disability benefits were fully insured by it and that it is a proper party defendant in this action. In response to Plaintiff's allegations regarding Sun Life's role as the claims administrator and fiduciary under the Plan, Sun Life craves reference to the Plan and denies the allegations to the extent they are inconsistent therewith. Sun Life denies the remaining allegations contained in paragraph 4 of the complaint.

5. In response to the allegations contained in paragraph V of the complaint, Sun Life admits Plaintiff filed claims for short and long term disability benefits alleging she suffered from certain problems. Sun Life denies the remaining allegations contained in paragraph V of the complaint.

6. In response to the allegations contained in paragraph VI of the complaint, Sun Life admits it denied Plaintiff's claim for short term disability benefits. Sun Life further admits that Plaintiff appealed Sun Life's denial of short term disability benefits and that, after a full and fair review of Plaintiff's claim, Sun Life upheld its decision. Sun Life further admits that Plaintiff has exhausted administrative remedies with respect to her claim for short term disability benefits. Sun Life denies that Plaintiff's claim for long term disability benefits was denied, that Plaintiff has exhausted administrative remedies with respect to such benefits or that further efforts to exhaust administrative remedies with respect to her claim for long term disability benefits would be futile. Rather, Sun Life would allege and show that it was in the process of

obtaining additional information in connection with its initial review of Plaintiff's claim for long term disability benefits when this lawsuit was prematurely filed. Sun Life denies the remaining allegations contained in paragraph VI of the complaint.

7.  In response to the allegations contained in paragraph VII of the complaint, Sun Life admits that because it insures benefits and makes determinations regarding a participant's entitlement to benefits under the Plan, it is deemed to operate under a conflict of interest under the current state of the law applicable in this jurisdiction. Sun Life expressly denies, however, that its presumed conflict of interest had any impact on its decision to deny Plaintiff's claim for short term disability benefits. Sun Life also expressly denies that its decision was not based on substantial evidence or was not the result of a principled and reasoned decision-making process. Sun Life further expressly denies that its decision was reached by ignoring relevant evidence pertaining to Plaintiff's claim or that it relied upon biased information and/or flawed expert opinions in making its decision to deny Plaintiff's claim for benefits. Sun Life denies the remaining allegations contained in paragraph VII of the complaint.

8.  In response to the allegations contained in paragraph VIII of the complaint, Sun Life incorporates herein its responses to the complaint as set forth in paragraphs 1 through 7 above.

9.  In response to the allegations contained in paragraph IX of the complaint, Sun Life admits that this Court should consider the administrative record compiled in this case in determining whether Sun Life's decision to deny Plaintiff's claim for benefits was an abuse of discretion. Sun Life expressly denies that the Court should consider evidence outside of the administrative record, which was not submitted to Sun Life during its review of Plaintiff's claim for benefits. The remaining allegations contained in paragraph IX of the complaint are legal

conclusions to which no response is required. To the extent a response is required, Sun Life denies the allegations to the extent they are inconsistent with the controlling law of this jurisdiction and/or they allege that the Court should apply a standard of review that is inconsistent with the one set forth in *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 128 S. Ct. 2343 (2008). Sun Life denies the remaining allegations contained in paragraph IX of the complaint.

10.     Sun Life denies each and every allegation of the complaint not specifically admitted, explained or modified above.

### FOR A SECOND DEFENSE

11.     Sun Life incorporates herein the allegations of its prior defense which are consistent with this defense.

12.     Plaintiff has failed to state a claim upon which relief can be granted and, therefore, her complaint must be dismissed.

### FOR A THIRD DEFENSE

13.     Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

14.     Plaintiff has failed to exhaust administrative remedies with respect to her claim for long term disability benefits and, therefore, Plaintiff's complaint must be dismissed.

### FOR A FOURTH DEFENSE

15.     Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

16.     The Plan provides, with respect to short term disability benefits, as follows:

**Total Disability** or **Totally Disabled** means the Employee, because of Injury or Sickness, is unable to perform all of the material and substantial duties of his own occupation and is not engaged in any occupation for wage or profit.

. . .

To qualify for benefits, the Employee must satisfy the Elimination Period with the required number of days of Total Disability, Partial Disability or a combination of days of Total or Partial Disability.

. . .

If Sun Life receives Notice and Proof of Claim that an Employee is Totally or Partially Disabled, a Net Weekly Benefit will be payable, subject to the Limitations and Exclusions.

To be eligible to receive a Net Weekly Benefit, the Employee must:

1. satisfy the Elimination Period with the required days of Total or Partial Disability; and

2. provide proof of continued Total or Partial Disability; and

3. have regular and continuing care by a Physician who provides appropriate treatment by means of examination and testing in accordance with the disabling condition.

. . .

**Limitations**

No STD benefit will be payable for any Total or Partial Disability during any of the following periods:

1. any period the Employee is not under the regular and continuing care of a Physician providing appropriate treatment by means of examination and testing in accordance with the disabling condition.

. . .

3. any period of Total or Partial Disability due to Mental Illness, unless the Employee is under the continuing care of a specialist in psychiatric care.

. . .

17.     Plaintiff failed to submit proof that she was totally disabled under the terms of the Plan.  Furthermore, Defendant would allege and show that the evidence submitted and reviewed by Sun Life in its decision to deny Plaintiff's claim for short term disability benefits supports a

5

finding that Plaintiff was not disabled as defined by the Plan. Therefore, Plaintiff's claim for short term disability benefits should be dismissed.

## FOR A FIFTH DEFENSE

18. Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

19. The Plan provides that "**for Short Term Disability** – proof of claim must be given to Sun Life no later than 90 days after the end of the Elimination Period," and the Elimination Period applicable to the option of short term disability coverage elected by Plaintiff is 7 days.

20. The Plan further provides, in pertinent part, as follow:

Proof of Claim must consist of:
- a description of the loss or disability;
- the date the loss or disability occurred; and
- the cause of the loss or disability.
. . .

Proof of Claim for disability must include evidence demonstrating the disability including, but not limited to, hospital records, Physician records, Psychiatric records, x-rays, narrative reports, or other diagnostic testing materials as appropriate for the disabling condition.

Proof must be satisfactory to Sun Life.

21. To the extent Plaintiff seeks to submit or have the Court consider additional documentation in support of her claim for short term disability benefits, Sun Life would allege and show that the period within which Plaintiff was required to submit Proof of Claim for short term disability benefits has expired and, therefore, Plaintiff's claim for short term disability benefits is barred.

**FOR A SIXTH DEFENSE**

22.     Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

23.     The Plan provides, with respect to long term disability benefits, as follows:

**Total Disability or Totally Disabled** means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonably qualified for by education, training or experience.
. . .

To qualify for benefits, the Employee must satisfy the Elimination Period with the required number of days of Total Disability, Partial Disability or a combination of days of Total or Partial Disability.
. . .

To be eligible to receive a Net Monthly Benefit, the Employee must:

1.    satisfy the Elimination Period with the required days of Total or Partial Disability; and

2.    provide proof of continued Total or Partial Disability; and

3.    have regular and continuing care by a Physician who provides appropriate treatment and regular examination and testing in accordance with the disabling condition.
. . .

**Limitations**

No LTD benefit will be payable for any Total or Partial Disability during any of the following periods:

1.    any period the Employee is not under the regular and continuing care of a Physician providing appropriate treatment by means of examination and testing in accordance with the disabling condition, unless the Employee has reached his maximum point of recovery and is still Totally or Partially Disabled.
. . .

    3.      any period of Total or Partial Disability due to Mental Illness, unless the Employee is under the continuing care of a specialist in psychiatric care.

          Benefits will be payable for the first 24 months after the Employee completes his Elimination Period.

          Benefits after the first 24 months will only be payable if the Employee is confined in a Hospital or Institution licensed to provide psychiatric treatment.

. . .

24.    Plaintiff failed to submit proof that she was totally disabled under the terms of the Plan. Therefore, Plaintiff's claim for long term disability benefits should be dismissed.

## FOR A SEVENTH DEFENSE

25.    Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

26.    The Plan further provides that "**for Long Term Disability** – proof of claim must be given to Sun Life no later than 90 days after the end of the Elimination Period," and the Elimination Period applicable to the option of long term disability coverage elected by Plaintiff is 180 days.

27.    The Plan further provides, in pertinent part, as follow:

Proof of Claim must consist of:
- a description of the loss or disability;
- the date the loss or disability occurred; and
- the cause of the loss or disability.
. . .

Proof of Claim for disability must include evidence demonstrating the disability including, but not limited to, hospital records, Physician records, Psychiatric records, x-rays, narrative reports, or other diagnostic testing materials as appropriate for the disabling condition.

Proof must be satisfactory to Sun Life.

8

28. Sun Life would allege and show that although the time period to submit proof of claim for short term disability benefits had expired when Plaintiff filed this action, she still had additional time to submit proof of claim for long term disability benefits. In fact, when this action was filed, Sun Life was in the process of attempting to obtain additional information in connection with its initial renew of Plaintiff's claim for long term disability benefits. As such, further attempts to exhaust administrative remedies with respect to Plaintiff's claim for long term disability benefits would not have been futile, and Plaintiff's claim for such benefits should be dismissed.

## FOR AN EIGHTH DEFENSE

29. Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

30. Sun Life would allege and show that Plaintiff failed to submit satisfactory Proof of Claim in support of her claim for long term disability benefits as required under the Plan and the period within which Plaintiff is required to submit such Proof of Claim has since expired. Therefore, Plaintiff's claim for long term disability benefits is barred.

## FOR A NINTH DEFENSE

31. Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

32. The long term disability plan at issue requires that a claimant claiming to be totally disabled must be under the regular and continuing care of a physician providing appropriate treatment and regular examination and testing.

33. To the extent Plaintiff was not receiving appropriate treatment for the disease or injury that caused her alleged disability, she is not entitled to short or long term disability benefits under the Plan.

### FOR A TENTH DEFENSE

34. Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

35. To the extent Plaintiff is eligible for benefits under the Plan, which allegation is expressly denied and admitted solely for the purpose of this defense and no other, and to the extent Plaintiff's disability is due to a Mental Illness, Sun Life alleges that no benefits are payable because Plaintiff was not under the continuing care of a specialist in psychiatric care. Therefore, Plaintiff's claims should be dismissed.

### FOR AN ELEVENTH DEFENSE

36. Sun Life incorporates herein the allegations of its prior defenses, which are consistent with this defense.

37. Sun Life alleges that Plaintiff's claims are barred because the Plan confers discretion on Sun Life to make claims determinations and Sun Life's determination with respect to Plaintiff's claims was neither an abuse of discretion nor was it arbitrary and capricious, and was otherwise in accordance with the terms of the Plan.

### FOR A TWELFTH DEFENSE

38. Sun Life incorporates herein the allegations of its prior defenses which are consistent with this defense.

39. Plaintiff failed to satisfy one or more conditions precedent to becoming eligible for long term disability benefits under the Plan and, therefore, her claim for long term disability benefits should be dismissed.

## FOR A THIRTEENTH DEFENSE

40. Sun Life incorporates herein the allegations of its previous defenses which are consistent with this defense.

41. To the extent Plaintiff is eligible for benefits under the Plan, which allegation is expressly denied and admitted solely for the purpose of this defense and no other, such benefits would be subject to a reduction for "Other Income Benefits" as defined in the Plan.

## FOR A FOURTEENTH DEFENSE

42. Sun Life incorporates herein the allegations of its previous defenses which are consistent with this defense.

43. The allegations contained in paragraph VII of Plaintiff's complaint are immaterial, impertinent, scandalous and without any basis in fact. As such, the allegations should be stricken pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

## FOR A FIFTEENTH DEFENSE

44. Sun Life incorporates herein the allegations of its previous defenses which are consistent with this defense.

45. To the extent Plaintiff is eligible for benefits under the Plan, which allegation is expressly denied and admitted solely for the purpose of this defense and no other, such benefits are limited to 24 months where Sun Life determines that Plaintiff's disability is due to a Mental Illness, unless Plaintiff is confined to a Hospital or Institution licensed to provide treatment for the Illness(es).

WHEREFORE, having fully answered Plaintiff's complaint, Defendant, Sun Life Assurance Company of Canada, prays that it be dismissed with prejudice and for attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

                              s/ Nicole J. Buntin
                              Jennifer E. Johnsen (Fed. ID No. 5427)
                              Nicole Judd Buntin (Fed. ID No. 9220)
                              GALLIVAN, WHITE & BOYD, P.A.
                              55 Beattie Place, Suite 1200
                              P.O. Box 10589
                              Greenville, SC  29603
                              (864) 271-9580
                              (864) 271-7502 (fax)

Greenville, S.C.                    Attorneys for Defendant,
                              Sun Life Assurance Company of Canada

June 15, 2010